IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANETIRONY CLERVRAIN et al.,

    Plaintiffs,

v.                                                                                                  No. 1:22-cv-00260-SCY

MICHELLE LUJAN GRISHAM, et al.,

    Defendants.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Complaint for Violation of Civil Rights, Doc. 1, filed April 4, 2022.

The 14-page Complaint, much of which is single-spaced, lists 29 Plaintiffs and 80 Defendants. The only Plaintiff that signed the Complaint is Manetirony Clervrain. Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by each party personally if the party is unrepresented. *See* Fed. R. Civ. P 11(a) (stating "The Court must strike an unsigned paper unless the omission is promptly corrected after being call to the attorney's or party's attention").

Defendant Clervrain is not an attorney authorized to practice in this Court and cannot bring claims on behalf of the other pro se Plaintiffs. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others").

The Complaint, which consists almost entirely of incoherent argument, fails to state a claim upon which relief can be granted because it does not state with particularity what each

Defendant did to each Plaintiff, when the Defendants committed the alleged unspecified actions, or how those actions harmed each Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

This is the third action Plaintiff has commenced in this Court.  *See Clervrain v. Duran*, 1:20-cv-01329-KWR-JFR ("*Clervrain I*") (dismissed without prejudice August 19, 2021, for failure to state a claim); *Clervrain v. Duran*, 1:21-cv-00480-JCH-KBM ("*Clervrain II*") (dismissed without prejudice August 26, 2021, for failure to cure the deficiencies).

In *Clervrain I*, the Court noted that Clervrain's "allegations are largely incoherent and delusional, and wholly fail to state a claim."  Doc. 8, filed August 19, 2021, in *Clervrain I*.  The Court "concluded that any further post-judgment filings by Plaintiff would not serve any legitimate purpose" and "prohibited Plaintiff from submitting any further filings in this case other than a notice of appeal or a filing necessary to perfect an appeal."  Doc. 26, filed March 31, 2022, in *Clervrain I*.  Clervrain then filed eleven post-judgment notices and motions that were not related to or necessary for any appeal, which the Court struck.  *See id.*

In *Clervrain II*, Clervrain filed a 309-page complaint styled as a "motion."  The Court ordered Clervrain to either pay the filing fee or file a motion to proceed *in forma pauperis*.  *See* Doc. 2, filed July 26, 2021, in *Clervrain II*.  The Court also ordered Clervrain to file an amended complaint that: (i) explains what each defendant did to Plaintiff, when the defendant did it, and what specific legal right the plaintiff believes the defendant violated; (ii) specifies how the claims are connected to New Mexico; and (iii) why Clervrain believes this Court has jurisdiction

over the matter. *See id.* (quoting *Nasious*, 492 F.3d at 1163). The Court dismissed *Clervrain II* for failure to cure deficiencies. The Clerk's Office subsequently

> received around 500 pages of undiscernible post-judgment filings. Processing these pages via CM/ECF would take considerable time and effort on the part of the case managers, and in any event the Court will not consider such a lengthy post-judgment motion. The Court therefore declines to file the submissions received September 8, 2021.

Doc. 5, filed September 8, 2021, in *Clervrain II*.

In this case, Clervrain has submitted 14 additional documents for filing totaling 516 pages:

(i)     Motion for Mitigating Financial Burden
(ii)    Appearance of Counsel (Plaintiff Clervrain)[1]
(iii)   Motion for The Answer Act
(iv)    Motion for Alien Status
(v)     Motion for Settlement Agreement
(vi)    Motion for Opposition Against Freedom of Speech
(vii)   Motion for Service of Process
(viii)  Motion for Extraordinary Remedy Act
(ix)    Motion for Extended Page Limitations
(x)     Motion for Opinions Act or page Limitation
(xi)    Motion for Humanitarian Reasons
(xii)   Motion for Manifest Injustice Act
(xiii)  Motion for Serving Agencies
(xiv)   Motion for Right Venue Act.

After considering Clervrain's filing history, the Court will exercise its inherent power to manage its docket and direct the Clerk to not file those documents at this time. The Court will decide whether those documents should be filed after Clervrain responds to this Order to Show Cause.

**Notice**

The Court notifies Plaintiff, who is proceeding *pro se*, of the following:

---

[1] The Complaint indicates Clervrain is an attorney with the law firm "Brandako, Inc" and states his Bar Number is "not Applicable for those with eividence [sic] of competency." Complaint at 13.

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: https://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i) Plaintiff Clervrain shall, within 21 days of entry of this Order, show cause why the Court should not dismiss this case. If Plaintiff Clervrain asserts this case should not be dismissed, Plaintiff Clervrain must file an amended complaint. Plaintiff Clervrain's response and amended complaint shall each not exceed 20 double-spaced pages, with 12-point font and one-inch margins. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

(ii) The Clerk shall not enter on the docket the 14 documents Plaintiff Clervrain submitted with the Complaint until directed to do so by the Court.

_____
UNITED STATES MAGISTRATE JUDGE